## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

_____
                                        )
**WALTER W. BANKS,**                    )
                                        )
    **Plaintiff,**  )
                                        )
    **v.**          )    **CIVIL NO. 3:08CV514**
                                        )
**GUY COOK, et al.,**                   )
                                        )
    **Defendants.** )
_____)

### MEMORANDUM OPINION

This matter is before the Court on Defendants Guy Cook's ("Cook") and Werner Enterprises, Inc.'s ("Werner Enterprises") Motion *in Limine* to Exclude Evidence of Plaintiff's Alleged Future Surgery or, in the Alternative, Motion for Continuance (Docket No. 8).  The parties having fully briefed the issue and having provided supporting documentation, the Court concludes that oral argument would not be of additional assistance in the decisional process.  For the reasons set forth herein, the Defendants' Motion will be DENIED.

### I. Background

Plaintiff, Walter W. Banks ("Banks"), initiated this suit in the Circuit Court for the City of Richmond, alleging that Cook, within the scope of his employment for Werner Enterprises, carelessly, recklessly and negligently operated a motor vehicle, causing it to collide with Plaintiff's automobile.  (Compl.¶ 5.)  Specifically, Plaintiff alleges that on or about August 30, 2005, he was operating his employer's truck when he pulled over to the side of the road he was traveling on to allow an ambulance to pass.  (Compl. ¶ 3.)   Plaintiff's complaint states that as he was merging back on to the highway, Cook, who was operating a Werner Enterprises truck,

collided into the back of Plaintiff's vehicle. (Compl. ¶ 4.)  Plaintiff claims that due to Cook's

carelessness, recklessness and negligence, he has sustained serious and permanent bodily

injuries, incurred hospital, doctor and other related bills, and has suffered a loss of past and

future income.  (Compl. at 3-4.)  The action was timely removed by the Defendants to this Court

on and all parties consented thereafter to the jurisdiction of the court pursuant to 28 U.S.C. §

636.

      The case is scheduled for trial to commence on February 18, 2009 with a Final Pretrial

Conference to be held on February 9, 2009.  Pursuant to this Court's Scheduling Order (Docket

No. 7), the discovery period ended on January 20, 2009, with expert witness disclosures to have

been made by November 11, 2008, pursuant to Fed. R. Civ. P. 26(2)(C)(i).  In their motion,

Defendants Cook and Werner Enterprises submit that this Court should exclude the proposed

expert testimony of Dr. Robert G. Squillante ("Dr. Squillante"), who was identified by Plaintiff

as his treating physician as well as a proposed expert witness for trial.  (Defs.' Mem. In Supp.

Mot. *In Limine* "Defs.' Mom." at 1.)  Specifically, the Defendants are seeking to exclude Dr.

Squillante's proposed trial testimony related to the necessity for future surgery and any opinion

that the related injuries suffered by Plaintiff are causally related to the motor vehicle accident at

issue where the Plaintiff did not comply with the requirements of Rule 26 by providing a report

concerning the proposed expert opinion.  (Defs.' Mem. at 3.)

      Defendants assert that on October 15, 2008, Plaintiff responded to interrogatories and

reported that Plaintiff had soft-tissue injuries to his neck and back as a result of the accident,

having incurred $26,946.04 in medical expenses. (Defs.' Mem. at 2.)  With his interrogatories,

Plaintiff also produced medical records and bills, which included records from Dr. Squillante,

identified at the time as one of Plaintiff's treating physicians.  (Pl.'s Mem. In Opp. "Pl.'s Mem." at 2.)  On December 19, 2008, Plaintiff supplemented his interrogatory answers, before the discovery deadline, disclosing that Dr. Squillante would be testifying as Plaintiff's treating physician <u>and</u> as an expert witness.  (Defs.' Mem. at 2, Pl.'s Mem. at 2.)  In addition to what had already been disclosed, Plaintiff disclosed  that Dr. Squillante concluded that Plaintiff would require a cervical discectomy and fusion procedure at two levels (for a moderate central disc herniation at C4-C5 and C5-C6) sometime in the future. (Defs.' Mem. at 2.)  The disclosure specifically noted that Dr. Squillante would further testify that such future surgery was causally related to the subject motor vehicle accident.  (Defs.' Mem. at 2.)  On January 6, 2009, the Plaintiff further supplemented his interrogatories, notifying Defendants that the future surgery would cost an additional $20,000.  (Defs.' Mem. at 2, Pl.'s mem. at 2.)

Defendants argue that Dr. Squillante's testimony as to Plaintiff's future surgery and its causation should be excluded because Plaintiff has not produced an expert witness report as required by Rule 26(a)(2)(B).  (Def.'s Mem. at 3.)  Defendants argue that they have been prejudiced by Plaintiff's failure to produce the report because they were not informed of all of Dr. Squillante's opinions as to Plaintiff's injuries, and therefore could not depose him in advance of trial, nor prepare an adequate defense or cross-examination of his proposed trial testimony. (Def.'s Mem. at 6.)  Plaintiff responds by asserting that pursuant to the Court's Scheduling Order, producing an expert report was not necessary because Dr. Squillante is Plaintiff's treating physician. (Pl.'s Mem. at 2.) Additionally, Plaintiff asserts that all of Dr. Squillante's opinions were derived in the ordinary course of his treatment of Plaintiff, and, therefore, the report is not required (Pl.'s Mem. at 2-6.)  Finally, Plaintiff argues that even if it was necessary to produce a

3

report, the nondisclosure has not prejudiced the Defendants because Defendants were aware of all relevant information as to Dr. Squillante's treatment of Plaintiff, as well as his opinions, in advance of the discovery deadline.  (Pl.'s Mem. at 6-8.)

## II.  <u>Analysis</u>

### A.    **Motion to Exclude Testimony of Dr. Squillante as Expert Witness**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), any party offering an expert witness's testimony at trial is required to produce a written report in advance which contains: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the data or other information considered by the witness in forming their opinions; (3) any exhibits that will be used to summarize or support their opinions; (4) the witness's qualifications, including a list of all publications authored n the previous ten years; (5) a list of all other cases in the last four year in which the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.  Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  An exception to this rule is recognized in Virginia law whereby a party's "treating physicians [may] offer opinions 'without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).'"  <u>McDonald v. Wal-Mart Stores East, L.P.</u>, No. 3:07cv425, 2008 WL 153782, at *3 (E.D. Va. Jan. 14, 2008) (quoting <u>Hall v. Sykes</u>, 164 F.R.D. 46, 48 (E.D. Va. 1995)).  The rationale supporting the exception is that while treating physicians process knowledge and opinions as to causation and prognosis that result from their ongoing treatment of a patient, they are not specifically retained to testify and offer an expert opinion as to causation in a particular matter.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Moore v. McKibbon Brothers Inc.</u>, No. 5:98cv923BO2, 1999 WL 1940029, at *1 (E.D.N.C. January 8, 1999.)  As one Court has explained: "[t]reating physicians

are really fact witnesses whose testimony flows from information they learned during the course

of their treatment." See Moore, 1999 WL 1940029, at *1.  However, the exception has been

narrowly applied, and Rule 26(a)(2)(B) requirements are only waived when the treating

physician's testimony will address only the knowledge they have gained from the ordinary

treatment of the patient.  See McDonald, 2008 WL 153782, at *3 (emphasis added).[1]  Thus, any

opinions which address information outside of the scope of ordinary treatment are considered

expert witness opinions, and require the disclosures mandated by  by Rule 26(a)(2)(B).

     Here, the Defendants do not contest that Dr. Squillante is a treating physician; however,

they seek to exclude that portion of his testimony that would qualify as expert opinion.

Specifically, the Defendants believe that Dr. Squillante's testimony as to the need for future

surgery caused by the injuries sustained in the accident is not information that the doctor gained

from the ordinary treatment of Plaintiff.  (Def.'s Mem. at 1.)  A review of the relevant records

presented supports the argument in part.  Specifically, Dr. Squillante's opinion as to the need for

future surgery is information that was derived from the referral to Dr. Squillante for his opinion

as to the medical issues that Plaintiff's future surgery seeks to address.  However, Dr.

Squillante's testimony as to causation for the future surgery is beyond the scope of his role as a

treating physician, evidenced by his original treatment notes indicating that the cause of

Plaintiff's injuries could be a result of either a traumatic incident or a degenerative condition.

(Pl.'s Mem. at Ex. A.)  Additionally, a treating physician would not ordinarily draw conclusions

as to the causation of problems that are treated by others; nor would a treating physician opine

---

[1]  As noted in McDonald, "Under Virginia law, the courts require documentation in the
medical record for testimony proffered, and require that any opinions be expressed to a
reasonable degree of medical certainty."  See McDonald, 2008 WL 153782, at *3 n.4

on costs of other treatment regimens.  Such opinions are ones that a treating physician can make, but only in his or her capacity as an expert witness, and thus, for those issues, an expert witness report must be produced pursuant to Rule 26(a)(2)(B).

However, a determination that an expert witness report should have been produced in this situation does not end the Court's inquiry.  Pursuant to Fed. R. Civ. P. 37(c)(1), when a party fails to provide information as required by Rule 26(a), the party will not be able to use that information, "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  To determine if the failure to disclose information was harmless, the Courts apply a five factor test.  See Richardson v. American United Life Insurance Co., No. 1:05cv378, 2006 WL 3327683, at *1 (M.D.N.C. Nov. 15, 2006) (citing Southern States Rack & Fixture Inc., v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)).  The factors to be considered are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.  Id. at *1.

Applying the test to the present situation, it appears that Plaintiff's failure to disclose did not unduly prejudice the Defendants.  Defendants have been aware of Plaintiff's intention to call Dr. Squillante as a witness since at least October 15, 2008, and have been in receipt of his medical records and progress notes since that juncture.  (Pl.'s Mem. at 7, Ex. D, Ex. C.)  And although no expert witness report was produced, Defendants were aware that Plaintiff intended to call Dr. Squillante as both a"treating physician and expert witness" since December 19, 2008, almost a month before the designated discovery period ended.  (Def.'s Mem. at 2; Pl.'s Mem. at

2.)  The information was therefore received far enough in advance to allow Defendants to inquire or demand that Plaintiff "cure" the nondisclosure, either through a request for an extension of time to obtain a deposition of Dr. Squillante, or a motion for sanctions and/or to compel the nondisclosed information.  Additionally, given the advanced notice of Dr. Squillante's potential testimony, the Court concludes that use of the evidence would not unduly disrupt the trial, especially where a jury may draw the causal connection between the accident and the need for future surgery regardless of cautionary instruction.  Considering all of the relevant factors, particularly Defendants' notice of Dr. Squillante being intended as an expert witness a month before the discovery period ended, the Court finds that Defendants were not unduly prejudiced by Plaintiff's nondisclosure, and therefore, their motion to exclude portions of Dr. Squillante's testimony must be denied.

**B.      Motion to Continue**

Defendants assert in the alternative that if the Court allows Dr. Squillante to testify as an expert witness, they will be unduly prejudiced by not having the opportunity to depose Dr. Squillante on the issues before trial, or to otherwise prepare an adequate defense to his proposed trial testimony.  (Def.'s Mem. at 7.)  The Court acknowledges that there would be some prejudice to the Defendants without further opportunity for discovery.  However, where Defendants were aware as of December 19, 2008 of Plaintiff's intent to present Dr. Squillante as an expert witness, and did not undertake immediate measures to address the situation, including a motion to extend the discovery deadline, continuation of the trial proceedings is not warranted, at least where appropriate arrangements can still be made before the scheduled trial date. Therefore, Defendants' alternate request to continue trial proceedings will be denied; however,

the Court will require immediate production of the report and it will extend the period of

discovery for the limited purpose of allowing Defendants to depose Dr. Squillante as to his

testimony concerning Plaintiff's future treatment, causation, and the related costs involved, if

Plaintiff still intends to utilize him in his expert capacity at trial.

### III. <u>Conclusion</u>

Finding that Defendants were not unduly prejudiced by Plaintiff's failure to provide an

expert witness report for Dr. Squillante pursuant to Rule 26(a)(2)(B), and that a continuance of

the trial date is not warranted where such discovery may still be obtained, Defendants' Motion *in*

*Limine* to Exclude Evidence of Plaintiff's Alleged Future Surgery or, in the Alternative, Motion

for a Continuance (Docket No. 8) will be DENIED.

An appropriate order shall issue.

_____/s/_____
Dennis W. Dohnal
Dated: January 26, 2009                    United States Magistrate Judge